COSGROVE, Judge.
The defendant Mohegan Tribal Gaming Authority (MTGA) filed a motion to dis *392 miss or in the alternative to strike the plaintiff James R. Menard’s complaint. The plaintiff James R. Menard has not filed any memorandum in opposition to MTGA’s motion.
The plaintiff filed his claim under M.T.O. 98-2, the Discriminatory Employment Practices Act (DEPA). He states that the MTGA discriminated against him by refusing employment because “of my disabilities, which none of these were my fault. There are worse people off than I am, with worse disabilities and people . in wheelchairs working in the casinos (sic).” Pursuant to M.T.O. 98-2, Sec. V the MTGA filed an Assembly of the Record. The record reflects that on July 12, 1999 the plaintiff filed an application for employment as a Security Officer (Rec.l). On July 15,1999 personnel forms of the MTGA indicate that Mr. Menard was conditionally offered a job by the MTGA as a Security Officer. The condition of employment was that Mr. Menard secure appropriate licensing by the State of Connecticut or the Tribal Gaming Commission (Rec.4). Mr. Menard’s application for the gaming license required for the proffered employment was denied by The Mohegan Tribal Gaming Commission. After an appeal and hearing before The Mohegan Tribal Gaming Commission, the denial of Mr. Me-nard’s license was upheld. (Rec.5-7). Mr. Menard did not file an appeal contesting the denial of this license as he had a right to under M.T.O. 95-6.
Based upon the status of the pleadings in this file it is clear that the reason for the refusal to hire Mr. Menard was not his alleged physical disability but his inability to secure the required gaming license for the position of Security Guard with the MTGA.
For the purposes of a claim under M.T.O. 98-2(a) discriminatory employment practice is defined as:
A refusal by the Gaming Enterprise to hire or employ any individual ... because of such individual’s race, color, religious creed, age, sex, physical handicap, national origin or ancestry, or because the individual, after becoming employed by the Gaming Enterprise, filed a claim for worker’s compensation or otherwise exercised such rights afforded to him pursuant to the provisions of the Connecticut Worker’ Compensation Act ... M.T.O. 98-2, Sec. I(i)
Considering the plaintiffs allegations in the light most favorable to the plaintiff, the court cannot find that they allege a prima facie discriminatory employment practice. The defendant’s motion to strike is granted.